Adam Gottlieb (NY Bar. No. 4399135)
gottlieba@sec.gov
(202) 551-8299

Attorney for Plaintiff
U.S. SECURITIES AND EXCHANGE COMMISSION
100 F Street, NE
Washington, DC 20549
Facsimile: (202) 772-9292

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CROWD MACHINE, INC., METAVINE, INC., AND CRAIG SPROULE,<br><br>Defendants,<br><br>and<br><br>METAVINE PTY. LTD.,<br><br>Relief Defendant. | CASE NO. 4:22-cv-00076-HSG<br><br><br>**JUDGMENT AS TO DEFENDANTS CROWD MACHINE, INC. AND METAVINE, INC., AND RELIEF DEFENDANT METAVINE PTY. LTD.** |

The Securities and Exchange Commission having filed a Complaint and Defendants Crowd Machine, Inc. and Metavine, Inc. (collectively, "Defendants") and Relief Defendant Metavine Pty. Ltd. ("Relief Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendants and Relief Defendant and the subject matter of this action;

consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a)

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

- 2 -

*SEC v. Crowd Machine, Inc., et al.*
Judgment as to Crowd Machine, Inc., et al.

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date

- 3 -

SEC v. Crowd Machine, Inc., et al.
Judgment as to Crowd Machine, Inc., et al.

of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendants are permanently restrained and enjoined from participating, directly or indirectly, including, but not limited to, through any entity controlled by them, in any offering of securities, including any digital asset security.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a)

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall pay, on a joint and several basis, disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and that Relief Defendant shall pay, on a joint and several basis with Defendants, disgorgement of any ill-gotten gains received by Relief Defendant, and prejudgment interest thereon. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from January 28, 2018, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26

- 4 -

SEC v. Crowd Machine, Inc., et al.
Judgment as to Crowd Machine, Inc., et al.

U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendants and Relief Defendant will be precluded from arguing that Defendants did not violate the federal securities laws as alleged in the Complaint; (b) Defendants and Relief Defendant may not challenge the validity of the Consents or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants' and Relief Defendant's Consents are incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth in Defendants' Consent, including, but not limited to, the undertakings to:

(a) Permanently disable all Crowd Machine Compute Tokens ("CMCTs") in their possession or control within 10 days of the entry of the Judgment, including any CMCTs owned by, beneficially owned by, or held in the name of Craig Sproule;

(b) Publish notice of the Judgment on the Defendants' website and social media channels, in a form not unacceptable to Commission staff, within 10 days of the entry of the Judgment;

(c) Issue requests to remove CMCTs from any further trading on all digital asset trading platforms where CMCTs are or may be trading, including any that the Defendants previously contacted to request trading of CMCTs, and publish notice of such requests on the Defendants' website and social media channels, in a form not unacceptable to Commission staff, within 10 days of the entry of the Judgment; and

(d) Certify, in writing, compliance with the undertakings set forth above. The certification shall identify the undertakings, provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The Commission staff may make reasonable requests for further evidence of compliance, and Defendants agree to provide such evidence. Defendants shall submit the certification and supporting material to Paul Kim, Assistant Director, Division of Enforcement, with a copy to the Office of Chief Counsel of the Enforcement Division, no later than sixty (60) days from the date of the completion of the undertakings.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: 1/11/2022

*Haywood S. Gilliam Jr.*
UNITED STATES DISTRICT JUDGE

- 6 -

*SEC v. Crowd Machine, Inc., et al.*
Judgment as to Crowd Machine, Inc., et al.