Adam B. Gottlieb (NY Bar. No. 4399135)
gottlieba@sec.gov
(202) 551-8299

Attorney for Plaintiff
U.S. SECURITIES AND EXCHANGE COMMISSION
100 F Street, NE
Washington, DC 20549
Facsimile: (301) 847-4705

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CROWD MACHINE, INC., METAVINE, INC., AND CRAIG SPROULE,<br><br>Defendants,<br><br>and<br><br>METAVINE PTY. LTD.,<br><br>Relief Defendant. | CASE NO. 4:22-cv-00076-HSG<br><br>**FINAL JUDGMENT AS TO CRAIG SPROULE** |

The Securities and Exchange Commission having filed a Complaint and Defendant Craig Sproule ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and

except as otherwise provided herein in paragraph IX); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a)

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

  (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

  IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

  (a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

  (b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

  (c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant is permanently restrained and enjoined from participating, directly or indirectly, including, but not limited to, through any entity controlled by him, in any offering of securities, including any digital asset security; provided, however, that such injunction shall not prevent Defendant from purchasing or selling securities, including digital asset securities, for his own personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a)

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)]], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)]

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $195,047 to the Securities and Exchange Commission pursuant to

Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy this obligation by paying $195,047 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph VII below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500th MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Craig Sproule as a Defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

1 The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

VII.

Defendant shall pay the penalty due of $195,047 in five (5) installments to the Commission according to the following schedule: (1) $100,000 within 30 days of entry of this Final Judgment; (2) $23,761.75 within 90 days of entry of this Final Judgment; (3) $23,761.75 within 180 days of entry of this Final Judgment; (4) $23,761.75 within 270 days of entry of this Final Judgment; (5) and $23,761.75 within 360 days of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first

to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Defendant shall contact the staff of the Commission for the amount due for the final payment.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant's Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein, including, but not limited to, the undertakings to:

(a) Cooperate with and not object to Crowd Machine, Inc., and Metavine, Inc. permanently disabling any Crowd Machine Compute Tokens (CMCT) owned or beneficially owned by him or held in his name; and

(b) Certify, in writing, compliance with the undertakings set forth above. The certification shall identify the undertakings, provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence. Defendant shall submit the certification and supporting material to Paul Kim, Assistant Director, Division of Enforcement, with a copy to the Office of Chief Counsel of the Division of Enforcement, no later than sixty (60) days from the date of the completion of the undertakings.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____1/11/2022_____

*Haywood S. Gilliam Jr.*
UNITED STATES DISTRICT JUDGE