ADAM B. GOTTLIEB (New York Bar No. 4399135)
gottlieba@sec.gov
CHRISTOPHER J. CARNEY (District of Columbia Bar No. 472294)
carneyc@sec.gov
U.S. SECURITIES AND EXCHANGE COMMISSION
100 F Street, NE
Washington, DC 20549
Telephone: (202) 551-8299 (Gottlieb)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

*Appearances of Counsel Continued on Next Page*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CROWD MACHINE, INC., METAVINE, INC, and CRAIG DEREL SPROULE,<br><br>Defendants,<br><br>and<br><br>METAVINE PTY. LTD.,<br><br>Relief Defendant, | Case No.: 4:22-cv-00076-HSG<br><br>Hon. Haywood S. Gilliam, Jr,<br><br>**STIPULATION AND JOINT STATEMENT TO REQUEST MODIFICATION OF SCHEDULING ORDER AND EXTENSION OF DEADLINES; ORDER** |

William A. Delgado (SBN 222666)
wdelgado@dtolaw.com
Justin T. Goodwin (SBN 278721)
jgoodwin@dtolaw.com
Alison D. Kehner (Admitted *pro hac vice*)
akehner@dtolaw.com
DTO LAW
601 South Figueroa Street, Suite 2130
Los Angeles, CA 90017
Telephone: (213) 335-6999
Facsimile: (213) 335-7802

Attorneys for Defendants
CROWD MACHINE, INC., METAVINE, INC.,
and METAVINE PTY. LTD.

1. Plaintiff U.S. SECURITIES AND EXCHANGE COMMISSION ("SEC") and Defendants Crowd Machine, Inc., Metavine, Inc., and Relief Defendant Metavine Pty, LTD (collectively "Crowd Machine entities"), hereby jointly submit the following Stipulation and Joint Statement pursuant to Local Civil Rules 6-1, 6-2, and 7-12, Federal Rule of Civil Procedure 16(b)(4), and paragraph 15 of this Court's Standing Order seeking modification of the Court's Scheduling Order (ECF No. 25) to extend the deadlines therein, subject to the Court's approval, by approximately 90 days. This is the parties' first joint request for modification of the Scheduling Order.

2. On March 23, 2022, the Court issued a Scheduling Order, setting this matter for a final hearing on the amount of disgorgement and penalties owed on May 11, 2023. The Order also set forth interim deadlines for the completion of fact discovery, the exchange of expert reports and discovery, and a briefing schedule for the parties on the SEC's motion for disgorgement and penalties. Specifically, the Order set the fact-discovery deadline for September 16, 2022. As set forth in the Joint Statement of Good Cause, the parties agree there is good cause to extend the fact-discovery deadline by 90 days.

### Joint Statement of Good Cause

3. Since the Case Management Conference on March 22, 2022, the parties have been working diligently and cooperatively on exchanging fact discovery and conferring on scheduling matters and logistics, as follows:

- On April 8, 2022, both parties timely served their initial disclosures.
- On June 24, 2022, Defendants propounded their First Set of Interrogatories and Request for Production of Documents on the SEC. The SEC timely responded to Defendants' document requests on July 25, 2022, and produced the vast majority of the SEC's investigative file, which consisted of 38,115 documents (128,943 pages). After a one-week

extension due to counsel's illness, the SEC provided its interrogatory responses on August 1, 2022.

- On July 8, 2022, the SEC advised that it intended to issue targeted discovery requests concerning specific expenditures relating to Defendant's initial coin offering (ICO) that was the subject of its investigation. It further advised that it would seek to depose defendant Craig Sproule in his capacity as an officer of the entity Defendants, and, if necessary, also depose a 30(b)(6) company designee.
- On August 5, 2022, the SEC served its First Set of Interrogatories and Request for Production of Documents to Defendants.  By rule, Defendants' responses are due on September 6, 2022 – 10 days before the fact discovery deadline set for September 16.
- On August 25, the SEC requested dates on which it could depose Mr. Sproule and a 30(b)(6) designee for Defendants.

4.   At the same time, the parties have engaged in efforts to limit the scope of the issues before the Court, while continuing to discuss the possibility of a negotiated resolution.

5.   Despite the parties' diligence and good faith in conducting fact discovery, the parties agree the fact discovery necessary to prepare this matter for motion practice cannot be completed by September 16, 2022, which in turn will impact the remaining deadlines in the case.

6.   The reason additional time is needed is due to several factors, all of which support good cause for extending the deadlines:

- Defendants' responses to the SEC's interrogatories and document requests are due on September 6, 2022, ten days before the current discovery cut-off date.  The SEC then will need to review the document production prior to deposing any witnesses.  Because Defendants require additional time to produce the requested documents for the reasons set forth below, if the

2

1  SEC were to move forward with the depositions before the current fact
2  discovery cut-off date, it would have to do so without the benefit of the
3  documents it has requested. Also, given the logistical difficulties with
4  deposing Mr. Sproule and a company designee (both located in Australia),
5  there is insufficient time to schedule and conduct those depositions under
6  the current schedule.

7  - The location of Defendants have presented unavoidable logistical issues.
8  Defendants' responses to the SEC's discovery requests have required
9  several meetings between defense counsel and parties in Australia who
10  possess the relevant information and potentially responsive documents.
11  Counsel has met virtually on several occasions with Defendants, but the
12  time difference has presented a limited window in which to meet.
13  (Australia is 14 hours ahead of Eastern Daylight Time and 17 hours
14  ahead of Pacific Daylight Time.)

15  - Defendants have also advised the SEC that their accounting software is
16  limited in capacity and that they lack employees and IT services due to
17  Defendants' financial circumstances.  The need for a three-month
18  extension of the fact discovery period, which would similarly delay all
19  subsequent deadlines, is largely driven by the parties' desire to afford
20  Defendants adequate time to access, download, review, and produce
21  accounting documents, which Defendants contend is a lengthy process.
22  The production of these documents may narrow the areas of dispute
23  regarding the appropriate amount of disgorgement to be awarded the
24  SEC.  The parties intend to continue to work together on solutions to
25  potentially reduce the burden and time necessary to gather these records.

26  - The SEC's August 1 document production contains 25,112 unique
27  documents, including documents the SEC obtained during its
28  investigation from third parties, in addition to documents Defendants

produced to the SEC. Because Defendants' current counsel was not engaged until well after the SEC's investigation was complete, defense counsel did not previously have the opportunity to review the documents their clients produced during the investigation.

7. In light of the foregoing, the parties agree completion of fact discovery is not practicable by September 16 and believe good cause exists to extend the fact discovery deadline by 90 days. They further agree that, because the remaining deadlines are keyed to the close of fact discovery, all subsequent deadlines set forth in the Court's Scheduling Order should adjourned by an equal amount of time.

8. The parties agree this Joint Statement is made in good faith and in the interests of judicial economy and is not for the purposes of delay.

Based on the foregoing, IT IS STIPULATED AND AGREED, by and between the parties, and their undersigned counsel, that good cause exists for the deadlines set forth in the Scheduling Order to be MODIFIED. The parties have conferred and jointly propose the following modifications to the current deadlines set forth in the Court's Scheduling Order:

| Event | Current Date ECF No. 5 | Proposed New Date |
|---|---|---|
| Parties to exchange Fed. R. Civ. P. 26(a)(1)(A) initial disclosures | Apr. 8, 2022 | n/a |
| Close of Fact Discovery re SEC's request for monetary relief | Sep. 16, 2022 | Dec. 16, 2022 |
| Deadline for SEC to serve initial expert report or updated disclosure under FRCP 26(a)(1)(A)(iii) | Oct. 14, 2022 | Feb. 1, 2023[1] |
| Deadline for Defendants and Relief Defendant to complete expert discovery re SEC's initial expert report (if any) and serve any expert report re SEC's claim for monetary Relief | Dec. 1, 2022 | Mar. 15, 2023 |

---

[1] This proposed schedule extends the period between the close of fact discovery and the deadline for the SEC to serve its expert report by two weeks to account for the interim holidays. Otherwise, the time between events remains the same.

| | | |
|---|---|---|
| Deadline for SEC to complete expert discovery re: Defendant and Relief Defendant's expert report (if any) and serve any rebuttal expert report | Jan. 12, 2023 | Apr. 26, 2023 |
| Deadline for Defendants and Relief Defendant to complete expert discovery re SEC's rebuttal expert report | Feb. 10, 2023 | May 24, 2023 |
| Deadline for SEC to file motion for monetary relief | Mar. 10, 2023 | June 21, 2023 |
| Deadline for Defendants and Relief Defendant to file response to SEC's motion for monetary relief | Apr. 7, 2023 | July 19, 2023 |
| Deadline for SEC to file reply in support of motion for monetary relief | Apr. 21, 2023 | Aug. 2, 2023 |
| Hearing on SEC's motion for monetary relief | May 11, 2023, at 2:00 p.m. | Aug. 24, 2023, at 2:00 p.m. |

Dated: September 2, 2022

By. __/s/ Adam B. Gottlieb__
ADAM B. GOTTLIEB
CHRISTOPHER J. CARNEY
Attorneys for Plaintiff
U.S. SECURITIES AND EXCHANGE COMMISSION

Dated: September 2, 2022

By: __/s/ Justin T. Goodwin__
WILLIAM DELGADO
JUSTIN T. GOODWIN
ALISON KEHNER
Attorneys for Defendant
CROWD MACHINE, INC.,
METAVINE, INC., and
METAVINE PTY., LTD.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 9/6/2022

_____
HAYWOOD S. GILLIAM, JR.
UNITED STATES DISTRICT JUDGE