

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

DIVISION OF
ENFORCEMENT
ADAM B. GOTTLIEB
SENIOR COUNSEL
CYBER UNIT

TEL: (202) 551-8299
FAX: (301) 847-4705
GOTTLIEBA@SEC.GOV

December 12, 2023

**By ECF**

The Honorable Haywood S. Gilliam, Jr.
United States District Judge
U.S. District Court for the Northern District of California
Ronald V. Dellums Federal Building & U.S. Courthouse
1301 Clay Street
Oakland, California 94612

  Re: **SEC v. Crowd Machine, Inc. et al., 22-cv-00076 (HSG)**

Judge Gilliam:

  Pursuant to the Court's order granting in part and denying in part the SEC's motion for monetary relief, dated December 5, 2023 (ECF No. 60) (the "Relief Order"), we write to provide prejudgment interest calculations and payment instructions for the Court's consideration.

  The SEC has calculated prejudgment interest that would have accrued beginning April 20, 2018[1]—the date on which Defendants' CMCT offering concluded, as alleged in the SEC's complaint—on the total disgorgement of $19,676,401.27 ordered by the Court. As detailed in Exhibits A and B, attached hereto, prejudgment interest totaling $3,358,147.75 would have accrued through January 11, 2022 (when the Court entered the consent judgment establishing Defendants' and Relief Defendant's liability in this action (ECF No. 11)), while $6,036,897.14 would have accrued through December 5, 2023 (the date of the Relief Order). Because the Court

---

[1]  Although Defendants and Relief Defendant consented to the accrual of prejudgment interest beginning on January 28, 2018, the SEC instead seeks prejudgment interest that would have accrued beginning April 20, 2018. *See* Consent of Defendants (ECF No. 2) at ¶ 3; Consent of Relief Defendant (ECF No. 3) at ¶ 3. This adjustment, which reduces prejudgment interest to the benefit of Defendants and Relief Defendant, more accurately aligns the start of the interest accrual period with Defendants' receipt of offering proceeds.

The Honorable Haywood S. Gilliam, Jr.
United States District Judge
December 12, 2023
Page 2

ordered the SEC to "provide figures for pre-judgment interest through the date of the Judgment" without specifically identifying either the consent judgment or the Relief Order, we have included both figures for the Court's convenience.

Both calculations apply the interest rate used by the Internal Revenue Service to assess underpayment penalties (defined as the Federal short-term rate plus three percentage points),[2] to which Defendants and Relief Defendant specifically consented. *See* Consent of Defendants at ¶ 3; Consent of Relief Defendant at ¶ 3. *See also SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1099 (9th Cir. 2010) (holding underpayment penalty interest rate properly used to calculate prejudgment interest on ill-gotten gains from unregistered securities offering). Consistent with the SEC's typical, conservative methodology for calculating prejudgment interest, interest has been compounded quarterly beginning at the start of the first full month following Defendants' receipt of ill-gotten gains and continuing through the end of the last full month of the accrual period.

The SEC further requests that the Court include the following payment instructions in its final disgorgement order:

> *Defendants and Relief Defendant shall satisfy their financial obligations by paying $[sum of all ordered disgorgement, prejudgment interest and penalties] to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.*
>
> *Defendants and Relief Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants and Relief Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to*
>
> > *Enterprise Services Center*
> > *Accounts Receivable Branch*
> > *6500 South MacArthur Boulevard*
> > *Oklahoma City, OK 73169*
>
> *and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the name of the Defendant(s) and/or Relief Defendant making payment; and specifying that payment is made pursuant to this Final Judgment.*

---

[2]  *See* 26 U.S.C. § 6621(a)(2).

The Honorable Haywood S. Gilliam, Jr.
United States District Judge
December 12, 2023
Page 3

> *Defendants and Relief Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants and Relief Defendant relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants or Relief Defendant.*
>
> *The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment. The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action.*
>
> *Defendants and Relief Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.*
>
> *The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.*
>
> *Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related*

The Honorable Haywood S. Gilliam, Jr.
United States District Judge
December 12, 2023
Page 4

*Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.*

Respectfully submitted,

/s/ Adam B. Gottlieb
Adam B. Gottlieb
Counsel to Plaintiff
Securities and Exchange Commission

Attachments:   Exhibit A (Prejudgment Interest Through Jan. 11, 2022)
Exhibit B (Prejudgment Interest Through Dec. 5, 2023)

cc:   All Counsel of Record (via ECF)



**EXHIBIT A**

## U.S. Securities and Exchange Commission
## Prejudgment Interest Report

### SEC v. Crowd Machine: Accrued Prejudgment Interest Through January 11, 2022

| Quarter Range | Annual Rate | Period Rate | Quarter Interest | Principal+Interest |
|---|---|---|---|---|
| **Violation Amount** | | | | **$19,676,401.27** |
| 05/01/2018-06/30/2018 | 5.00% | 0.84% | $164,419.24 | $19,840,820.51 |
| 07/01/2018-09/30/2018 | 5.00% | 1.26% | $250,048.70 | $20,090,869.21 |
| 10/01/2018-12/31/2018 | 5.00% | 1.26% | $253,200.00 | $20,344,069.21 |
| 01/01/2019-03/31/2019 | 6.00% | 1.48% | $300,980.75 | $20,645,049.96 |
| 04/01/2019-06/30/2019 | 6.00% | 1.5% | $308,827.32 | $20,953,877.28 |
| 07/01/2019-09/30/2019 | 5.00% | 1.26% | $264,076.26 | $21,217,953.54 |
| 10/01/2019-12/31/2019 | 5.00% | 1.26% | $267,404.35 | $21,485,357.89 |
| 01/01/2020-03/31/2020 | 5.00% | 1.24% | $267,099.39 | $21,752,457.28 |
| 04/01/2020-06/30/2020 | 5.00% | 1.24% | $270,419.89 | $22,022,877.17 |
| 07/01/2020-09/30/2020 | 3.00% | 0.75% | $166,074.16 | $22,188,951.33 |
| 10/01/2020-12/31/2020 | 3.00% | 0.75% | $167,326.52 | $22,356,277.85 |
| 01/01/2021-03/31/2021 | 3.00% | 0.74% | $165,375.21 | $22,521,653.06 |
| 04/01/2021-06/30/2021 | 3.00% | 0.75% | $168,449.62 | $22,690,102.68 |
| 07/01/2021-09/30/2021 | 3.00% | 0.76% | $171,574.48 | $22,861,677.16 |
| 10/01/2021-12/31/2021 | 3.00% | 0.76% | $172,871.86 | $23,034,549.02 |

| **Prejudgment Violation Range** | | | **Quarter Interest Total** | **Prejudgment Total** |
|---|---|---|---|---|
| **05/01/2018-12/31/2021** | | | **$3,358,147.75** | **$23,034,549.02** |



**EXHIBIT B**

## U.S. Securities and Exchange Commission
## Prejudgment Interest Report

### SEC v. Crowd Machine: Accrued Prejudgment Interest Through December 5, 2023

| Quarter Range | Annual Rate | Period Rate | Quarter Interest | Principal+Interest |
|---|---|---|---|---|
| **Violation Amount** | | | | **$19,676,401.27** |
| 05/01/2018-06/30/2018 | 5.00% | 0.84% | $164,419.24 | $19,840,820.51 |
| 07/01/2018-09/30/2018 | 5.00% | 1.26% | $250,048.70 | $20,090,869.21 |
| 10/01/2018-12/31/2018 | 5.00% | 1.26% | $253,200.00 | $20,344,069.21 |
| 01/01/2019-03/31/2019 | 6.00% | 1.48% | $300,980.75 | $20,645,049.96 |
| 04/01/2019-06/30/2019 | 6.00% | 1.5% | $308,827.32 | $20,953,877.28 |
| 07/01/2019-09/30/2019 | 5.00% | 1.26% | $264,076.26 | $21,217,953.54 |
| 10/01/2019-12/31/2019 | 5.00% | 1.26% | $267,404.35 | $21,485,357.89 |
| 01/01/2020-03/31/2020 | 5.00% | 1.24% | $267,099.39 | $21,752,457.28 |
| 04/01/2020-06/30/2020 | 5.00% | 1.24% | $270,419.89 | $22,022,877.17 |
| 07/01/2020-09/30/2020 | 3.00% | 0.75% | $166,074.16 | $22,188,951.33 |
| 10/01/2020-12/31/2020 | 3.00% | 0.75% | $167,326.52 | $22,356,277.85 |
| 01/01/2021-03/31/2021 | 3.00% | 0.74% | $165,375.21 | $22,521,653.06 |
| 04/01/2021-06/30/2021 | 3.00% | 0.75% | $168,449.62 | $22,690,102.68 |
| 07/01/2021-09/30/2021 | 3.00% | 0.76% | $171,574.48 | $22,861,677.16 |
| 10/01/2021-12/31/2021 | 3.00% | 0.76% | $172,871.86 | $23,034,549.02 |
| 01/01/2022-03/31/2022 | 3.00% | 0.74% | $170,392.55 | $23,204,941.57 |
| 04/01/2022-06/30/2022 | 4.00% | 1% | $231,413.66 | $23,436,355.23 |
| 07/01/2022-09/30/2022 | 5.00% | 1.26% | $295,362.29 | $23,731,717.52 |
| 10/01/2022-12/31/2022 | 6.00% | 1.51% | $358,901.59 | $24,090,619.11 |
| 01/01/2023-03/31/2023 | 7.00% | 1.73% | $415,810.69 | $24,506,429.80 |
| 04/01/2023-06/30/2023 | 7.00% | 1.75% | $427,687.56 | $24,934,117.36 |
| 07/01/2023-09/30/2023 | 7.00% | 1.76% | $439,933.47 | $25,374,050.83 |
| 10/01/2023-11/30/2023 | 8.00% | 1.34% | $339,247.58 | $25,713,298.41 |

| Prejudgment Violation Range | | | Quarter Interest Total | Prejudgment Total |
|---|---|---|---|---|
| 05/01/2018-11/30/2023 | | | $6,036,897.14 | $25,713,298.41 |