UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CROWD MACHINE, INC., METAVINE, INC., and CRAIG DEREL SPROULE<br><br>Defendants,<br><br>and<br><br>METAVINE PTY. LTD.,<br><br>Relief Defendant. | Case No. 4:22-cv-0076-HSG<br><br>**AMENDED FINAL JUDGMENT AND DISGORGEMENT ORDER** |

On December 5, 2023, the Court ordered Defendants Crowd Machine, Inc. and Metavine, Inc. ("Defendants") to disgorge, jointly and severally, ill-gotten gains of $19,676,401.27 plus pre-judgment interest, and ordered civil penalties against Defendants Crowd Machine, Inc. and Metavine, Inc. Dkt. No. 60. The Court also intended[1] to order that Relief Defendant Metavine Pty. Ltd. is jointly and severally liable for $5,000,000 of the total disgorgement award. *Id.* Pursuant to the Order, the SEC submitted pre-judgment interest calculations to allow the Court to set a final disgorgement figure. Dkt. No. 61. The SEC calculates that $3,358,147.75 in interest accrued from April 20, 2018 through January 11, 2022, when the Court entered consent judgment establishing Defendants' and Relief Defendant's liability in this action. Dkt. No. 11.

---

[1] The Court mistakenly referenced Metavine Pvt. Ltd. as Relief Defendant in the December 5, 2023 Order. *See* Dkt No. 60.

1   Accordingly, pursuant to Federal Rule of Civil Procedure 58, the Court **ORDERS** Defendants Crowd Machine, Inc. and Metavine, Inc. to satisfy their disgorgement obligations by paying the disgorgement figure of $23,034,549.02, less any disgorgement amount paid by Relief Defendant Metavine Pty. Ltd., to the Securities and Exchange Commission within 30 days after entry of this Amended Final Judgment.  Relief Defendant Metavine Pty. Ltd., as jointly and severally liable for the purposes of disgorgement, shall satisfy its disgorgement obligations by paying to the Securities and Exchange Commission the disgorgement figure of $5,000,000.00, less any disgorgement amount in excess of $18,034,549.02 paid by Defendants Crowd Machine, Inc. and/or Metavine, Inc., within 30 days after entry of this Amended Final Judgment.  In so ruling, the Court **GRANTS** the parties' Joint Motion to Correct Clerical Mistakes under Federal Rule of Civil Procedure 60(a) (Dkt. No. 67) and corrects clerical errors contained in the prior Final Judgment and Disgorgement Order (Dkt. No. 63).

Further, Defendants Crowd Machine, Inc. and Metavine, Inc. shall each pay an additional $600,000 in fines to the Securities and Exchange Commission within 30 days after entry of this Amended Final Judgment.

Defendants and Relief Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants and Relief Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

>   Enterprise Services Center Accounts Receivable Branch
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the name of the Defendant(s) and/or Relief Defendant making payment; and specifying that payment is made pursuant to this Amended Final Judgment.  Defendants and Relief Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendants and

Relief Defendant relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants or Relief Defendant.  The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Amended Final Judgment.  The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action.  Defendants and Relief Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Amended Final Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.  The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.  Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of

1  this paragraph, a "Related Investor Action" means a private damages action brought against
2  Defendants by or on behalf of one or more investors based on substantially the same facts as
3  alleged in the Complaint in this action.
4  **IT IS SO ORDERED.**
5  Dated: 1/17/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge